**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4203**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ELIAS GRADILLA HERNANDEZ,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:13-cr-00006-RLV-DSC-1)

_____

Submitted:  September 25, 2014      Decided:  December 12, 2014

_____

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Susan S. Kister, Chesterfield, Missouri, for Appellant.   Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elias Gradilla Hernandez pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012). The district court imposed a within-Guidelines sentence of eighty-seven months. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court properly calculated Hernandez's base offense level based on the relevant drug quantity and whether the Government properly declined to file a motion for a downward departure based on substantial assistance. Although advised of his right to do so, Hernandez has not filed a pro se supplemental brief. The Government declined to file a response.[*] We affirm.

Counsel first questions whether the district court properly calculated the relevant drug quantity in determining Hernandez's base offense level at sentencing. "[T]he government must prove the drug quantity attributable to a particular

---

[*] The Government has not sought enforcement of the waiver of appellate rights. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (recognizing that the government may file a responsive brief raising the appellate waiver issue or do nothing and allow this Court to perform the Anders review).

2

defendant by a preponderance of the evidence." United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011). Because Hernandez did not object to the applicable drug quantity in the district court, we review this claim for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002) (stating standard of review). To prevail under this standard, Hernandez must establish that: "(1) there is an error, (2) the error is plain, and (3) the error affects substantial rights." Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (internal quotation marks and alterations omitted).

Under U.S. Sentencing Guidelines Manual ("USSG") § 1B1.3(a)(1), in determining the proper base offense level to apply to a defendant involved in a drug conspiracy, the defendant is responsible not only for his own acts, but for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity," whether or not the criminal activity is charged as a conspiracy. See Bell, 667 F.3d at 441. If the district court relies on the drug quantity included in the presentence report ("PSR"), the defendant bears the burden of establishing that the information is incorrect. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002).

Our review of the record leads us to conclude that the district court did not err in determining the drug quantity

3

attributable to Hernandez, as the PSR indicates that Hernandez admitted his involvement in trafficking approximately fifty to sixty kilograms of cocaine. Moreover, Hernandez has not established that the information contained in the PSR is incorrect or unreliable. Accordingly, we discern no plain error.

Counsel next questions the Government's failure to move for a downward departure pursuant to USSG § 5K1.1, despite the assistance provided by Hernandez. The decision whether to file a § 5K1.1 motion lies solely within the Government's discretion. United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). Thus, unless the Government has obligated itself in the plea agreement to make such a motion, its refusal to do so is not reviewable absent evidence of an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-87 (1992); Butler, 272 F.3d at 686. Because nothing in the plea agreement obligated the Government to make a § 5K1.1 motion and the record reveals no basis for concluding that the Government's decision was based on an unconstitutional motive, we find no error.

In accordance with the requirements of Anders, we have examined the entire record and have found no meritorious issues. We therefore affirm the district court's judgment. This Court requires that counsel inform Hernandez, in writing, of the right to petition the Supreme Court of the United States for further

4

review.   If Hernandez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation.   Counsel's motion must state that a copy thereof was served on Hernandez.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED